UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HEIDI M., :
        Plaintiff, :
 :
v. : C.A. No. 17-412PAS
 :
NANCY A. BERRYHILL, :
Acting Commissioner of the Social Security :
Administration, :
        Defendant. :

**MEMORANDUM AND ORDER**

Patricia A. Sullivan, United States Magistrate Judge.

    Plaintiff Heidi M., a "younger" person, filed her claim for Disability Insurance Benefits ("DIB") on October 17, 2014, alleging that she had been disabled from October 23, 2013, when she was medically retired from military service, until her date last insured, March 31, 2018. As grounds, she contends that she suffered from disabling fibromyalgia, cervical and lumbar spine disorders, carpal tunnel syndrome, migraine headaches, asthma, depression, anxiety and panic attacks. In this case, she challenges the decision of an Administrative Law Judge ("ALJ") that, despite an array of severe impairments,[1] she retained the residual functional capacity ("RFC")[2] to perform sedentary work with a sit/stand option, postural and environmental limits, and limits on reaching, handling and fingering, as well as mental limitations, including no more than a low-stress job, with no production pace work and limited social interaction. Tr. 28.

---

[1] At Step Two, the ALJ found the following severe impairments: lumbago, degenerative disc disease of the cervical spine, tendonitis, right shoulder dysfunction, right ankle sprain, bursitis of the hip, fibromyalgia, migraine headaches, attention deficit hyperactivity disorder, affective disorders, anxiety-related disorders, and personality disorder. Tr. 26.

[2] Residual functional capacity is "the most you can still do despite your limitations," taking into account "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

Pending before the Court for determination based on the parties' consent are the parties' motions for summary judgment. For the reasons that follow, as well as for the reasons stated on the record during the hearing held on November 2, 2018, Plaintiff's motion (ECF No. 12) is denied and Defendant's motion (ECF No. 15) is granted.

## I. PROCEDURAL BACKGROUND

In support of her appeal from the ALJ's decision, Plaintiff relied on five arguments: (1) that the ALJ failed to consider the disability rating of the U.S. Department of Veterans Affairs ("VA"); (2) that the ALJ failed to afford appropriate weight to the opinion of a treating psychologist, Dr. Kevin McKay, particularly the reference to the "WHODAS" rating results; (3) that the ALJ erred in affording partial weight to the mental health opinions of a VA psychologist, Dr. Jennifer Primack, who performed a single examination, as well as to the state agency psychologists, all of whom opined that Plaintiff's mental limitations permitted her to work; (4) that the ALJ failed to assign RFC limitations based on Plaintiff's headaches; and (5) that the ALJ did not accept Plaintiff's statements regarding the severity and intensity of her fibromyalgia symptoms.

At the hearing before the Court on the parties' dueling motions for summary judgment held on November 2, 2018, the Court laid out the relevant background and applicable law and ruled against Plaintiff on each of these arguments.[3] However, citing <u>Silva v. Colvin</u>, No. CA 14-

---

[3] The reasons for these rulings were stated on the record during the hearing, are incorporated by reference into this memorandum and order and will not be set out here, except to note briefly that the Court found: (1) the ALJ properly considered the VA ratings as required by <u>Boyer v. Colvin</u>, No. 15-2542, slip op. at 2 (1st Cir. Oct. 5, 2016); (2) the ALJ's discounting of the McKay opinion and the WHODAS results was properly supported by the good reason that both were based on Plaintiff's subjective complaints and, as Dr. McKay described, "speculation," as well as by the inconsistency with Plaintiff's extensive activities, including caring for a child while attending college; (3) there is no error in the ALJ's nuanced analysis of the opinions from Dr. Primack and state agency psychologists, nor does Plaintiff make any well-founded argument of error; (4) the ALJ did assign limitations based on the headache evidence; and (5) the ALJ's analysis of Plaintiff's allegations of symptom severity is well grounded in substantial evidence.

301 S, 2015 WL 5023096, at *13 (D.R.I. Aug. 24, 2015), the Court *sua sponte* raised an issue not mentioned by Plaintiff – the ALJ's obvious error at Steps Four and Five in relying on the testimony of the vocational expert ("VE") that Plaintiff would be unable to perform past relevant work, but retained the RFC to work as a hand packager, assembler or inspector. Tr. 38. In fact, the VE's testimony was the opposite: she actually stated that Plaintiff <u>could</u> perform her past work as a general office clerk, but that the limitations on the use of her hands would prevent her from working as a sedentary hand packager, assembler or inspector. Tr. 114-15. Noting that, if the ALJ's finding of the inability to perform past relevant work is well founded, while the hand packager, assembler or inspector finding is an obvious error because Plaintiff's manipulative limitations precluded those jobs, the result would be an award of benefits, the Court found that justice required that the issue be raised *sua sponte*. See <u>Moore v. Astrue</u>, No. CV-10-36-GF-SEH-RKS, 2011 WL 1532407, at *3 (D. Mont. Mar. 30, 2011), <u>adopted</u>, 2011 WL 1539871 (D. Mont. Apr. 21, 2011) (courts may raise issues *sua sponte* to prevent injustice).

During the hearing, the parties presented argument regarding this issue and the Court advised them of its preliminary decision as set out below. Post-hearing, they submitted supplemental briefs. ECF Nos. 19 & 20. The case is now ripe for decision.

## II.      APPLICABLE LAW

The ALJ's findings shall be conclusive if they are supported by substantial evidence, and must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion," even if the record could also justify a different conclusion. <u>Applebee v. Berryhill</u>, 744 F. App'x 6, 2018 WL 6266310, at *1 (1st Cir. Nov. 30, 2018) (per curiam) (unpublished opinion) (quoting <u>Rodriguez v. Sec'y of Health & Human Servs.</u>, 647 F.2d 218, 222-23 (1st Cir. 1981)). In applying the "substantial evidence" standard, it

3

is clear that it is the province of the ALJ, not the courts, to find facts, decide issues of credibility, draw inferences from the record, and resolve conflicts of evidence. See Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (citing Rodriguez, 647 F.2d at 222).

Courts should not overturn administrative decisions tainted only by harmless error. The federal "harmless-error" statute is codified at 28 U.S.C. § 2111, which directs courts to review cases for errors of law "without regard to errors" that do not affect the parties' "substantial rights." Shinseki v. Sanders, 556 U.S. 396, 407 (2009). Based on the harmless error doctrine as codified, a mistake by an administrative body "does not mechanically compel reversal when [it's] one that clearly had no bearing on the procedure used or the substance of the decision reached." Kurzon v. U.S. Postal Serv., 539 F.2d 788, 796 (1st Cir. 1976).

It is well settled that the harmless error rule is applicable to the judicial review of Social Security ALJs. See Slimane v. Astrue, Civil Action No. 11-10058-RWZ, 2012 WL 1836371, at *7 (D. Mass. May 17, 2012) ("even if the ALJ mischaracterized [the plaintiff's treatment providers'] opinions, such error was not prejudicial because it did not affect the ALJ's ultimate disability determination"). In reliance on the rule, courts are reluctant to remand Social Security cases for the purely formulaic purpose of having an ALJ write out what seems plain on a review of the record. Shaw v. Sec'y of Health & Human Servs., 25 F.3d 1037, 1994 WL 251000, at *5 (1st Cir. June 9, 1994) (unpublished table decision); see Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"). An "ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Rivera v. Comm'r of Soc. Sec. Admin., Civil No. 12–1479(BJM), 2013 WL 4736396, at *11 (D.P.R. Sept. 3, 2013) (quoting Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir.

2012)). If the likely outcome on remand is clear and the same as that reached by the ALJ, the error is harmless and the court should uphold the denial of benefits. Ward v. Apfel, No. 98-168-B, 1999 WL 1995199, at *3 (D. Me. June 2, 1999), aff'd, Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). The "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki, 129 S. Ct. at 1706.

## III. FACTS AND ANALYSIS

One of the limitations that the ALJ incorporated in the primary hypothetical directed to the VE at the hearing, which he ultimately adopted in his decision, was that Plaintiff could do "frequent handling and fingering, all bilaterally," but could not perform work that required constant use of the hands. Tr. 28, 106-10. Review of the hearing transcript reveals that this limitation created confusion at the hearing in that the VE initially testified that Plaintiff could both perform prior work and also sedentary jobs (hand packager, assembler or inspector) available in the regional and national economy. Tr. 109-10. Then, the VE abruptly announced that her opinion had omitted consideration of the ALJ's limitations on the use of the hands. Tr. 112 ("Oh, my God. I am so sorry."). The ALJ walked her back through her answers – the second time, she did not change her testimony about prior work, opining that the hand limits would not preclude prior work, Tr. 114 ("The general office clerk is frequent. It's not constant."), but would rule out all of the sedentary jobs the VE had previously mentioned, Tr. 115 ("I would have to eliminate the, all of the assembler, hand packager, inspector jobs --"). As the ALJ summarized in his final question regarding prior work, "So the past work is still there. . . . Is that right?" Tr. 114. The VE responded, "Right." Id.

The ALJ went over this testimony until it was crystal clear: the VE's testimony was that Plaintiff could perform her prior work, but that there were no other jobs available. Tr. 115-16.

5

After the clarifying testimony was on the record, the ALJ specifically advised Plaintiff's counsel that, although he had not made a final decision regarding what RFC to adopt, if his primary hypothetical were adopted for the RFC, the case would be determined based on the ability to perform prior work. Tr. 116 ("So I'm looking at this at either a Step 4 or hypothetical 3 basically . . . . Because she is able to do the past work."). Plaintiff's attorney did not request an opportunity to ask the VE any more questions.

The ALJ's decision flips the VE's testimony and turns the ALJ's own statements during the hearing upside down. First, instead of the finding that Plaintiff could perform prior work, the decision cites the VE's testimony, Tr. 38 ("According to the testimony of the impartial vocational expert . . ."), to support a finding to which the VE never testified – that Plaintiff <u>could not</u> perform prior work. Tr. 38. This finding also clashes with the ALJ's explicit advisory to Plaintiff's counsel that, "she is able to do the past work." Tr. 116. And then, moving to Step Five, the decision adopts the VE's mistaken testimony about the availability of three sedentary jobs, Tr. 109-10, which the VE herself repudiated two transcript pages later, Tr. 112, when she realized her error in failing to consider Plaintiff's hand limitations. Tr. 38. The Commissioner correctly points out that the ALJ's decision – both at Steps Four and Five – expressly states that these two findings were based on the VE's testimony and nothing else. Tr. 38-39.

Based on the plain and obvious nature of the ALJ's error,[4] at the hearing, the Court preliminarily found that the sentence in the ALJ's decision that states, "claimant is unable to perform past relevant work," Tr. 38, is a harmless scrivener's error so that a remand would be for "the purely formulaic purpose of having the ALJ write out what seems plain on a review of the

---

[4] Notably, this error not only eluded detection by the ALJ at the time of issuance of the decision, but also was not detected by Plaintiff herself, which strongly suggests that this is not an error that affected a substantive aspect of the decision in that it did not even draw Plaintiff's attention. Rather, Plaintiff's appeal relied on her argument that the ALJ made material errors in other aspects of the decision. <u>See</u> n.3 <em>supra</em>.

record." Shaw, 1994 WL 251000, at *5. Nevertheless, because Plaintiff had not had a meaningful opportunity to consider the matter, the Court set a briefing schedule to allow her to present argument to sustain her burden that the ALJ's error was somehow harmful. Shinseki, 129 S. Ct. at 1706.

In aid of that effort, Plaintiff now argues that the ALJ's Step Four finding that Plaintiff could not perform prior work is not part of a book-ends error, but rather is potentially a well-founded rejection of the VE's testimony based on the agency's Program Operations Manual System ("POMS") DI 25005.020 "Past Relevant Work (PRW) as the Claimant Performed It."[5] Section D of DI 25005.020 includes directions on evaluating past work performed in the military: "If the claimant's military occupation is not in the DOT, and if the claimant is unable to perform PRW as he or she describes it, proceed to step 5."[6] DI 25005.020.D (bullet 3). The example indicates that, "[i]f the claimant describes past work in the military as 'clerk-typist,' do not consider the DOT's 203.362-010 clerk-typist to determine the claimant could perform PRW 'as generally done in the national economy.'" DI 25005.020.D. Plaintiff argues that this POMS provision raises at least an ambiguity as to whether the ALJ's finding that Plaintiff could not perform relevant work was not an error but rather was the result of a substantive determination based on the application of DI 25005.020.D. Therefore, she contends, the matter must be remanded so that the ALJ's decision can be clarified.

The problem is that, here, the VE's testimony was based on Plaintiff's past work as an office clerk in the military <u>as she actually performed it</u>; indeed, the VE specifically noted that

---

[5] Available online at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 (last visited Dec. 26, 2018).

[6] Section D is based on the potential for differences in the way a job is performed in the military versus the way it is performed in the national economy, as explained in POMS DI 25005.020: "The DOT does not provide information about the physical and mental demands of all military occupations, so we are not always able to evaluate a military occupation as generally performed in the national economy." POMS DI 25005.020.D (bullet 2).

7

there are differences between civilian and military work, Tr. 101-02, and the ALJ asked follow-up questions of Plaintiff to get more details about the circumstances of her office job before the VE testified that it could still be performed, 104-05.  After focusing on the hand limitation, the VE clarified again that, even with that limitation, the office clerk job <u>as performed</u> was still available.  Tr. 114.  Nor has Plaintiff proffered any evidence that the job as she performed it in the military required constant rather than frequent handling.  Tr. 254.

Based on the foregoing, the Court finds that the POMS prohibition on using the DOT code applicable to a claimant's past relevant work in the military is simply not implicated in light of the ALJ's clear intent to rely on the VE's testimony that Plaintiff could do past relevant work as performed.  The Court further finds that this decision is entirely in line with the POMS directive that, "[t]he step 4 determination for these cases is an analysis of the claimant's ability to perform his or her past relevant military occupation as he or she performed it."  POMS DI 25005.020.D (bullet 2).  Accordingly, the Court finds that the ALJ intended to, as he specified, rely on the VE's testimony, and that the follow-on sentences, which reverse and misstate the VE's testimony, amount to harmless error.

## IV. CONCLUSION

Based on the foregoing reasons, including all of the reasons and findings stated on the record during the hearing on November 2, 2018, and summarized *supra* in note 3, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 12) is DENIED; and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 15) is GRANTED.  The Clerk shall enter Final Judgment in favor of Defendant.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 26, 2018